# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

-----------------------------------------------------------x

DANIEL GODDARD,

    Plaintiff, Pro Se,

                      - against -

CITIBANK, N.A. and JOHN DOES 1-20,

    Defendants.                                     Index No. _____

-----------------------------------------------------------x

## SUMMONS

To the above-named Defendant:

YOU ARE HEREBY SUMMONED to answer the Verified Complaint in this action and to serve a copy of your answer, or if the Verified Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff at the address set forth below within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York).

If you fail to so appear or answer, judgment will be taken against you by default for the relief demanded in the Verified Complaint.

Dated: August 17, 2025
New York, New York

_____
Daniel Goddard
Plaintiff, Pro Se
Address:  38 roebling st apt 4i

Brooklyn ny 11211

_____
Phone: ____646-940-0137_____
Email: ____dan@lineartrackingsolutions.com_____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------x

DANIEL GODDARD,

         Plaintiff, Pro Se,

                              Index No. _____

    - against -

CITIBANK, N.A. and JOHN DOES 1–20,

         Defendants.

---------------------------------------------------------------x

**VERIFIED COMPLAINT**

Plaintiff Daniel Goddard ("Plaintiff"), appearing pro se, for his Verified Complaint against Defendants Citibank, N.A. ("Citibank") and John Does 1–20, alleges as follows:

**PRELIMINARY STATEMENT**

1. This case is about the destruction of a business before it could take its first breath — and the unlawful retention of nearly half a million dollars of operating capital without cause. In June 2025, only two days after launching his trading and investment operations, Plaintiff's bank account was frozen by Citibank without warning, explanation, or lawful justification.

2. The frozen funds were not idle savings — they were the lifeblood of a trading and investment business that depended on rapid capital movement. Depriving Plaintiff of immediate access to this capital crippled his business, causing losses exceeding

1

$1 million in trading profits, breach of agreements with partners, and permanent reputational harm in the financial community.

3. Citibank's actions were not an isolated mistake. They reflect a systemic pattern of overbroad, AI-driven account freezes, implemented without adequate human review, that recklessly destroy livelihoods. On information and belief, Citibank routinely withholds lawfully-sourced customer funds for months, benefiting from their use while customers suffer.

4. Plaintiff seeks full compensatory damages, punitive damages, and treble damages under New York's RICO statute for the loss of his business, his capital, and the unlawful conversion of his funds.

## PARTIES

5. Plaintiff Daniel Goddard is an individual residing in Kings County, New York.

6. Defendant Citibank, N.A. ("Citibank") is a national banking association with its principal place of business at 388 Greenwich Street, New York, New York 10013.

7. Defendants John Does 1–20 are officers, employees, agents, and/or contractors of Citibank whose identities are presently unknown and who participated in or directed the acts complained of herein.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to CPLR §§ 301 and 302 because Defendants transact business within the State of New York and committed tortious acts within the State of New York.

2

9. Venue is proper in New York County pursuant to CPLR § 503 because Citibank maintains its principal office in this County and a substantial part of the events giving rise to this action occurred here.

## FACTUAL ALLEGATIONS

10. On or about January 2025, Plaintiff opened a Citibank business checking account in the name of **Linear Tracking Solutions LLC**, a hedge fund that Plaintiff had spent the better part of a decade preparing to launch.

11. Plaintiff deposited approximately $650,000 into the account from lawful, verifiable sources, primarily his family's capital. Prior to this, Plaintiff had successfully transferred approximately $750,000 in cash through Citibank without issue.

12. Plaintiff's plan was to use this capital immediately to fund trading through the Interactive Brokers platform. The account was not a savings account but essential operating capital — money earmarked for immediate use to trade and to operate his hedge fund.

13. Based on Plaintiff's proven track record of trading success, close family and friends entrusted him with substantial funds, representing life savings and long-term investments. These investor relationships had been carefully developed over many years.

14. On or about June 1, 2025, Plaintiff formally launched **Linear Tracking Solutions Hedge Fund**. Only two days later, on June 3, 2025, Citibank froze and closed the account without advance notice or legitimate explanation.

3

15. Plaintiff promptly provided Citibank with extensive documentation tracing the origin of the funds and demonstrating the lawful nature of every dollar.

16. Despite this, Citibank continued to withhold approximately $400,000 for more than two months, finally returning the bulk of it only after prolonged delay. Approximately $50,000 remains unreturned as of the date of this filing.

17. The freeze destroyed Plaintiff's hedge fund at the moment of its launch. Plaintiff was prevented from trading, lost the confidence of investors, and was unable to honor commitments. These consequences caused losses exceeding **$3 million** in trading profits and business opportunities that would otherwise have been realized.

18. The freeze also inflicted permanent reputational damage, as Plaintiff's investors suffered immense financial harm through no fault of their own, and his ability to raise capital in the future was severely impaired.

19. Plaintiff has been deprived of the means to support his family, was forced to put his family home up for sale, and has endured severe emotional distress.

20. Plaintiff's experience is not isolated. Public reports, government complaints, and media coverage describe nearly identical incidents involving Citibank freezing or closing accounts without legitimate reason and withholding funds for 60–120 days or longer.

21. Upon information and belief, Citibank holds tens of millions of dollars under this account-freeze practice at any given time. While some of this capital may generate interest for Citibank's benefit, the larger problem is its **flawed fraud-detection system** — overly sensitive, poorly trained, and implemented without

4

fair procedures. Customers are given no meaningful opportunity to provide documentation before accounts are closed and funds are frozen.

22. Citibank has not been made to care about the consequences of these freezes, which it continues as a matter of routine practice.

23. The systemic nature of this misconduct suggests that **many New Yorkers** have been harmed by the same practices. While this Complaint is brought by Plaintiff individually, it raises issues that could support broader injunctive relief or class treatment if pursued.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION – Breach of Contract

24. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

25. A valid and enforceable contract existed between Plaintiff and Citibank, including the Citibank Deposit Account Agreement ("CDAA") governing Plaintiff's business checking account.

26. Plaintiff fully performed his obligations under the contract by funding the account with lawful, verifiable funds and complying with all account terms.

27. Citibank breached the contract by: (a) freezing and closing the account without cause or contractual basis; (b) refusing to release $400,000 in funds for over two months despite receipt of complete documentation; and (c) failing to provide required notices or reasons under the CDAA.

5

28. As a direct and proximate result of Defendant's breach, Plaintiff suffered catastrophic damages, including the immediate loss of access to essential operating capital specifically deposited for active trading and business transactions. Plaintiff was prevented from executing planned trades and deals, causing losses exceeding $3,000,000 in the months following the freeze. Plaintiff also sustained loss of business opportunities, investor confidence, and long-term reputational harm in the financial markets. Additionally, upon information and belief, Defendant retained the use of Plaintiff's funds during the freeze and failed to credit him any interest, further compounding his damages.

**AS AND FOR A SECOND CAUSE OF ACTION – Breach of the Covenant of Good Faith and Fair Dealing**

29. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

30. Every contract under New York law contains an implied covenant of good faith and fair dealing.

31. Citibank's actions—arbitrarily freezing Plaintiff's account, withholding funds with no legitimate explanation, and refusing to provide a release despite clear proof of lawful funds—were undertaken in bad faith and for Citibank's own economic benefit.

32. As a direct and proximate result of Defendant's bad faith conduct, Plaintiff was denied the ability to deploy his own capital for its intended and time-sensitive trading operations, resulting in over $3,000,000 in lost profits, unrecoverable trading opportunities, and the collapse of planned business ventures. Plaintiff's

personal and professional reputation was irreparably harmed, and investor relationships were severely damaged. Upon information and belief, Defendant also retained the use of Plaintiff's funds without paying any interest, unjustly enriching itself while Plaintiff's damages mounted.

### AS AND FOR A THIRD CAUSE OF ACTION – Conversion

33. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

34. Plaintiff had a possessory right to the $400,000 in his Citibank account.

35. Citibank intentionally and without justification exercised dominion and control over these funds inconsistent with Plaintiff's rights.

36. Citibank refused repeated demands to release the funds, continuing to withhold them for its own benefit.

### AS AND FOR A FOURTH CAUSE OF ACTION – Unjust Enrichment

37. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

38. Citibank was enriched by retaining and using Plaintiff's funds during the account freeze.

39. This enrichment came at Plaintiff's expense, as he was deprived of the use of his own money while Citibank, upon information and belief, invested or otherwise earned income from the frozen funds.

7

40. Equity and good conscience require that Citibank disgorge the benefits obtained from Plaintiff's funds and return the principal amount immediately.

### AS AND FOR A FIFTH CAUSE OF ACTION – Violation of New York General Business Law § 349

41. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

42. Citibank engaged in consumer-oriented conduct by marketing itself as a safe and trustworthy bank while systematically engaging in arbitrary account freezes and prolonged withholding of customer funds.

43. Citibank's conduct was materially misleading to reasonable consumers, who would not expect their lawful funds to be inaccessible for months without explanation.

44. Citibank's conduct caused actual injury to Plaintiff, including deprivation of $400,000 in business capital, loss of business opportunities, reputational harm, and emotional distress.

### AS AND FOR A SIXTH CAUSE OF ACTION – Violation of New York State RICO Statute

45. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

46. Citibank and its agents constituted an "enterprise" engaged in interstate commerce.

8

47. Citibank engaged in a pattern of racketeering activity by committing repeated acts of grand larceny and scheme to defraud against Plaintiff and similarly situated customers.

48. These predicate acts included:
    a. Freezing accounts without lawful justification;
    b. Retaining funds for extended periods to earn interest;
    c. Misrepresenting or concealing the reasons for the freezes; and
    d. Refusing to return funds despite lawful entitlement.

49. These acts were related, continuous, and part of Citibank's regular way of doing business.

50. Plaintiff was injured in his business and property by reason of Citibank's RICO violations and is entitled to treble damages.

**AS AND FOR A SEVENTH CAUSE OF ACTION – Declaratory and Injunctive Relief**

51. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

52. An actual and justiciable controversy exists between Plaintiff and Citibank regarding Citibank's right to freeze and retain Plaintiff's funds without cause.

53. Plaintiff seeks a declaratory judgment that Citibank's conduct is unlawful and that Plaintiff is entitled to immediate possession of all frozen funds.

54. Plaintiff also seeks preliminary and permanent injunctive relief restraining Citibank from continuing to withhold the funds and from engaging in similar conduct toward Plaintiff in the future.

9

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

A. Awarding compensatory damages exceeding **$3,000,000**, reflecting lost trading opportunities, investor losses, and reputational harm;

B. Awarding treble damages, exceeding **$9,000,000**, under the New York State RICO statute;

C. Awarding punitive damages to deter Citibank from continuing its systemic freeze practices;

D. Awarding Plaintiff's costs and reasonable litigation expenses;

E. Awarding pre- and post-judgment interest;

F. Granting injunctive relief tailored to Plaintiff, and preserving the Court's power to consider broader injunctive relief should class treatment of similarly harmed New Yorkers become appropriate;

G. Granting such other and further relief as the Court deems just and proper.

## VERIFICATION

Daniel Goddard, being duly sworn, deposes and says: I am the Plaintiff in the within action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

_[signature]_

Daniel Goddard
Plaintiff Pro Se

Sworn to before me this 17th day of August, 2025

_[signature]_
Notary Public

NICHOLAS ANTHONY GILRONAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GI6284607
Qualified in Queens County
My Commission Expires 06-17-2029

10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------X

DANIEL GODDARD,

    Plaintiff, Pro Se,

- against -

CITIBANK, N.A. and JOHN DOES 1-20,

    Defendants.

Index No. _____

-------------------------------------------------------------X

## SUMMONS

To the above-named Defendant:

YOU ARE HEREBY SUMMONED to answer the Verified Complaint in this action and to serve a copy of your answer, or if the Verified Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff at the address set forth below within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York).

If you fail to so appear or answer, judgment will be taken against you by default for the relief demanded in the Verified Complaint.

Dated: August 17, 2025
New York, New York

_[signature]_

Daniel Goddard
Plaintiff, Pro Se
Address: 38 roebling st apt 4i

Brooklyn ny 11211

Phone: ____646-940-0137_____
Email: ____dan@lineartrackingsolutions.com____

1 of 1

# AFFIDAVIT OF SERVICE

| Case: 654997/2025 | Court: IN THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK | County: NEW YORK | Job: 14319430 |
|---|---|---|---|
| Plaintiff / Petitioner: Daniel Goddard | | Defendant / Respondent: Citibank, NA. and John Does 1-20 | |
| Received by: RUSHREADY SERVE | | For: Linear Tracking Solutions | |
| To be served upon: Citibank | | | |

I, Tamara Jones, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   Joanne Hood , 388 Greenwich st, new york, ny 10013
Manner of Service:   Authorized, Oct 8, 2025, 3:47 pm EDT
Documents:   Summons, Verified Complaint, Notice of Electronic Filing

Additional Comments:
1) Successful Attempt: Oct 8, 2025, 3:47 pm EDT at 388 Greenwich st, new york, ny 10013 received by Joanne Hood . Age: 35-40 ; Ethnicity: African American; Gender: Female; Weight: 145; Height: 5'8"; Hair: Black; Eyes: Brown; Relationship: VP General Council ;
I arrived at the location and went inside the messenger center to the clerical area and informed a clerk present that I had legal documents for Citibank legal. She called upstairs to relay my message and moments later, Joanne from legal came downstairs to greet me. She looked over all of the documents and confirmed that she could accept service, doing so. After collecting her information, I left the premises.

[Signature]
Tamara Jones
2117584-DCWP

10/13/2025
Date

RUSHREADY SERVE
2851 Cropsey Avenue #130
Brooklyn, NY 11214
914-620-2266

Subscribed and sworn to before me by the affiant who is personally known to me.

[Signature]
Notary Public

10/13/25
Date

12/19/27
Commission Expires

JOSHUA LEE
Notary Public - State of New York
No. 01LE6252924
Qualified in Kings County
My Commission Expires 12/19/

1 of 1

SUPREME COURT OF THE STATE OF NEW YORK,
COUNTY OF NEW YORK
---------------------------------------------------------------X
DANIEL GODDARD,                              :   Index No.: 654997/2025
                                             :
                Plaintiff, *Pro Se*,   :   **NOTICE OF APPEARANCE**
                                             :
    v.                                     :
                                             :
CITIBANK, N.A., *et al.*,                    :
                                             :
                Defendants.          :
---------------------------------------------------------------X

       **PLEASE TAKE NOTICE** that the undersigned, Douglas J. Horn of McGuireWoods LLP, hereby appears as counsel for Defendant Citibank, N.A. ("Citibank"), and requests that all parties and interested persons serve copies of any and all papers, notices, and correspondence on the undersigned at the address listed below.

Dated: New York, New York
       October 28, 2025                      **MCGUIREWOODS LLP**

                                        By:    */s/ Douglas J. Horn*
                                               Douglas J. Horn
                                               MCGUIREWOODS LLP
                                               1251 Avenue of the Americas, 20th Floor
                                               New York, New York 10020-1104
                                               Phone: (212) 548-2100
                                               dhorn@mcguirewoods.com

                                               *Attorneys for Defendant Citibank, N.A.*

SUPREME COURT OF THE STATE OF NEW YORK,
COUNTY OF NEW YORK

-----------------------------------------------------------------X

DANIEL GODDARD,

        Plaintiff, *Pro Se*,

v.

CITIBANK, N.A., *et al.*,

        Defendants.

-----------------------------------------------------------------X

Index No.: 654997/2025

**AFFIRMATION OF SERVICE**

Douglas J. Horn, an attorney duly licensed to practice law in the State of New York and a member in good standing of the Bar of this Court, hereby affirms under penalty of perjury pursuant to CPLR 2106 as follows:

1. I am an attorney with the law firm of McGuireWoods LLP, attorneys for Defendant Citibank, N.A.

2. On October 28, 2025, I caused a true and correct copy of the foregoing Notice of Appearance to be duly served upon all parties to this action as indicated below via email and Federal Express overnight courier postage prepaid:

> Daniel Goddard
> 38 Roebling Street
> Apartment 4I
> Brooklyn, New York 11211
> dan@lineartrackingsolutions.com

I affirm this 28th day of October, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Executed on this 28th day of October, 2025, in New York, New York.

                                              */s/ Douglas J. Horn*
                                              Douglas J. Horn

McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020-1104
Phone: (212) 548-2100
dhorn@mcguirewoods.com

*Attorneys for Defendant Citibank, N.A.*

SUPREME COURT OF THE STATE OF NEW YORK,
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DANIEL GODDARD,                                  :
                                                 :
            Plaintiff, *Pro Se*,                 :    Index No.: 654997/2025
                                                 :
    -against-                                    :    **STIPULATION EXTENDING**
                                                 :    <u>**TIME TO ANSWER**</u>
CITIBANK, N.A., *et al.*,                        :
                                                 :
            Defendants.                          :
                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    **IT IS HEREBY STIPULATED AND AGREED,** by and between Plaintiff Daniel Goddard ("Plaintiff") and counsel for Defendant Citibank, N.A. ("Citibank") that the time for Citibank to answer, move, or otherwise respond to the Complaint (NYSCEF Doc. No. 1) in this action is extended up to and including November 10, 2025.

    **IT IS FURTHER STIPULATED AND AGREED** that this Stipulation does not operate as, and is not, an admission of any factual allegations or legal conclusions and is submitted without waiver of any right, defense, affirmative defense, claim, argument, or objection, including, but not limited to, lack of personal jurisdiction.

    **IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts, each of which shall be deemed to be an original and all of which taken together constitute one and the same Stipulation. A facsimile, e-mail or .pdf copy of this Stipulation as executed shall have the same force and effect as the original document.

| | |
|---|---|
| **Dated**: October 28, 2025 | **Dated**: October 28, 2025 |
| /s/ Daniel Goddard | /s/ Douglas J. Horn |
| Daniel Goddard | Douglas J. Horn, Esq. |
| 38 Roebling Street | **MCGUIREWOODS LLP** |
| Apartment 4I | 1251 Avenue of the Americas, 20th Floor |
| Brooklyn, New York 11211 | New York, New York 10020 |

(646) 940-0137
dan@lineartrackingsolutions.com

*Pro Se*

(212) 548-2100
dhorn@mcguirewoods.com

*Attorneys for Defendant
Citibank, N.A.*