UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
DANIEL GODDARD,                                           :
                                                          :
                              Plaintiff,                  :
                                                          :          25-CV-9334 (JMF)
               -v-                                        :
                                                          :            AMENDED
CITIBANK, N.A. et al.,                                    :    MEMORANDUM OPINION
                                                          :         AND ORDER
                              Defendants.                 :
                                                          :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiff Daniel Goddard, proceeding without counsel, brings claims under New York

state law against Citibank, N.A., and "officers, employees, agents, and/or contractors of Citibank

whose identities are presently unknown" (collectively "Defendants").  ECF No. 4-1 ("Compl."),

¶¶ 6-7, 24-54.  Goddard alleges that he and his hedge fund, Linear Tracking Solutions LLC

("Linear Tracking"), of which he is the sole member, suffered damages when Citibank "froze

and closed" the fund's bank account.  *See id.* ¶¶ 14, 17-18.  Defendants now move, pursuant to

Rules 12(b)(6) and 17(a) of the Federal Rules of Civil Procedure, to dismiss the Complaint on

the ground that Linear Tracking — not Goddard — is the real party in interest.  *See* ECF No. 7

("Defs.' Mem."), at 2-4.  In the alternative, Defendants argue that, should Linear Tracking be

permitted to substitute for Goddard as Plaintiff pursuant to Rule 17(a)(3), Goddard may not

litigate the case as a non-lawyer.  *See id.* at 4.  In response, Goddard primarily argues that he

may represent Linear Tracking notwithstanding the general rule that an entity may not appear in

federal court only through counsel.  *See* ECF No. 16 ("Pl.'s Opp'n"), at 7-23.

       Defendants' motion must be and is granted — except that the Court will permit Linear

Tracking a "reasonable" opportunity to move, through properly admitted counsel, for

substitution.  FED. R. CIV. P. 17(a)(3).  Rule 17(a) provides, in relevant part, that "[a]n action must be prosecuted in the name of the real party in interest."  FED. R. CIV. P. 17(a)(1).  Put differently, the Rule requires that the plaintiff in a lawsuit be the party actually "entitled to enforce the asserted right."  *Bugliotti v. Republic of Argentina*, 67 F.4th 102, 107 (2d Cir. 2023). Here, that party is plainly Linear Tracking, not Goddard, as the bank account at issue concededly belonged to Linear Tracking, not Goddard.  *See* Compl. ¶ 10 ("Plaintiff opened a Citibank business checking account in the name of Linear Tracking Solutions LLC[.]"); *see also* Defs.' Mem. 3 ("[A]ll of Plaintiff's allegations pertain to an account that [he] admits belongs to Linear Tracking Solutions LLC — not himself.").  The fact that Goddard might personally benefit from any recovery does not change the fact that it is Linear Tracking that is entitled, under New York law, to enforce any claims against Defendants.  Accordingly, Goddard's own claims must be and are dismissed.

That said, Rule 17(a)(3) prohibits a court from "dismiss[ing] an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to . . . be substituted into the action."  FED. R. CIV. P. 17(a)(3).  In light of that provision, the "special solicitude" owed to Goddard as a *pro se* litigant, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotation marks omitted), and the fact that a change in Plaintiff here would be "merely formal and [would] in no way alter[] the original complaint's factual allegations as to the events or the participants," *Klein ex. rel. Qlik Techs., Inc. v. Qlik Techs., Inc.*, 906 F.3d 215, 226 (2d Cir. 2018) (internal quotation marks omitted), the Court will give Linear Tracking thirty days to move to substitute for Goddard as Plaintiff.  *Cf. Dolce v. Pezzola*, No. 23-CV-10049 (LGS), 2025 WL 3652958, at *8 (S.D.N.Y. Dec. 17, 2025) (granting joinder of the real party in interest where the plaintiff had "sued only in his own name because he did not have an attorney and had been advised (correctly)

that an entity cannot proceed pro se").  But Linear Tracking must do so through properly admitted counsel, as the Second Circuit has squarely held that "a limited liability company . . . may appear in federal court only through a licensed attorney."  *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007); *accord United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) (reaffirming that "a sole member of a solely-owned limited liability company may not represent it").  Contrary to Goddard's suggestions, *see* Pl.'s Opp'n 8-9, 11-23, neither *In re Holliday's Tax Services, Inc.*, 417 F. Supp. 182 (E.D.N.Y. 1976), nor public policy considerations permit the Court to disregard this binding precedent.

Accordingly, Defendants' motion to dismiss is GRANTED, except that Linear Tracking may move — albeit only through a properly admitted attorney who enters a notice of appearance in the case — to be substituted as Plaintiff **within thirty days of the date of this Memorandum Opinion and Order**.[1]  If Linear Tracking so moves, and the Court grants the motion, the case will "proceed[] as if it had been originally commenced by" Linear Tracking.  FED. R. CIV. P. 17(a)(3).  If Linear Tracking does not move for substitution by the deadline, the Court will direct the Clerk of Court to enter judgment in favor of Defendants.

The Clerk of Court is directed to terminate ECF No. 6.

SO ORDERED.

Dated: February 25, 2026
      New York, New York

                          JESSE M. FURMAN
                          United States District Judge

---

[1] In his opposition to Defendants' motion, Goddard states that he "is now aided and being properly instructed and having drafted for him all motions and decisions . . . by highly competent federally barred quasi-representative [pro bono] attorneys."  ECF No. 16 ("Pl.'s Opp'n"), at 9.  Lest there be any confusion, Linear Tracking may not rely on any such arrangement.  To substitute as Plaintiff, let alone prosecute this case, an attorney must formally enter a notice of appearance on its behalf.  *See* Local Civil Rule 1.4(a) ("Except as otherwise set forth in this rule, each attorney appearing on behalf of a party must file a notice of appearance promptly on or before the attorney's first appearance in court or filing in the case.").